EXHIBIT "A"

BUCHALTER
A Professional Corporation
KEVIN T. COLLINS (SBN: 185427)
PHILLIP CHAN (SBN: 263907)
ADAM P. SMITH (SBN: 322035)
500 Capitol Mall, Suite 1900
Sacramento, CA 95814
Telephone: 916.945.5170
Email: kcollins@buchalter.com
         pchan@buchalter.com
         apsmith@buchalter.com ~~Email: kcollins@buchalter.com~~

Attorneys for Plaintiffs
GUIDED DISCOVERIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIDED DISCOVERIES, INC., a California non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NEW HAMPSHIRE INSURANCE, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-01889-JWH-KES<br><br>**AMENDED COMPLAINT FOR:**<br><br>1) **BREACH OF CONTRACT**<br>2) **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br>3) **INJUNCTIVE RELIEF /** ~~AND~~ **RESTITUTION UNDER BUSINESS & PROFESSIONS CODE SECTION 17200**;<br>4) ~~AND~~ **DECLARATORY RELIEF; AND**<br>~~3)~~5)  **DECLARATORY RELIEF – LOST OR DESTROYED POLICY** |

Plaintiff, GUIDED DISCOVERIES, INC., a California non-profit corporation ("Plaintiff"), hereby alleges as follows:

## THE PARTIES

1. At all times herein mentioned, Plaintiff is and was a corporation organized and existing under the laws of the State of California and authorized to do business in the State of California.

2. At all times herein mentioned, Plaintiff is informed and believes, and thereon alleges, that Defendant NEW HAMPSHIRE INSURANCE ("Defendant") was and is a foreign insurer organized and existing under the laws of the State of Pennsylvania. Plaintiff is informed and believes, and thereon alleges, that Defendant does business in the State of California by issuing and delivering policies of insurance to residents of the State of California, such as Plaintiff.

3. Plaintiff is unaware of the true names, capacities, or basis for liability of Defendants DOES 1 through 10, inclusive, and therefore sues said Defendants by their fictitious names. Plaintiff will amend this Complaint to allege their true names, capacities, or basis for liability when those fictitiously-named Defendants have been ascertained.

4. Plaintiff is informed and believes, and thereon alleges, that each of the DOES is in some way and/or manner responsible for the acts and occurrences hereon alleged, whether such acts and such occurrences were committed intentionally, recklessly, or otherwise, and that each DOES is liable to Plaintiff for the damages suffered by it.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court because Plaintiff is a resident of California, and all acts alleged herein were performed in California. Additionally, jurisdiction arises under California Code of Civil Procedure section 410.10.

6. Venue is proper in the Superior Court of California, Orange County under California Code of Civil Procedure section 395 because Plaintiff is informed

and believes, and thereon alleges that, the contract of insurance was entered into in Orange County, and Orange County is where the obligation was incurred. Thus, venue in this Court is proper.

~~6.~~

## GENERAL ALLEGATIONS

7. Plaintiff and is the successor-in-interest to the Elliott-Pope Preparatory School—which is formerly known as Desert Sun School ("Desert Sun")—through a merger in 1994.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant issued Desert Sun a general liability insurance policy with policy limits of at least $1 million and that this policy was effective and provided insurance coverage during and through 1976.

9. On November 2, 2021, Plaintiff "John Doe BD" filed a civil lawsuit in the Orange County Superior Court entitled *John Doe BD v. John Doe 1, et al.*, with Case Number 30-2021-01229449-CU-PO-WJC (the "Action").

10. The Action alleges that John Doe BD was a high school student at Desert Sun in 1976, and Desert Sun employed Gary Busher as a teacher during that time. The Action alleges further that Mr. Busher sexually assaulted John Doe BD which is the basis for the Action against several defendants, including Plaintiff.

11. The Action alleges causes of action against Plaintiff for (1) Negligent Hiring, Retention & Supervision, (2) Negligent Failure to Warn, Train, or Educate, (3) Breach of Fiduciary Duty, and (4) Gross Negligence.

12. Based on the allegations and causes of action in the Action and based on Plaintiff's experience and reasonable expectations of what its insurance covered, Plaintiff is informed believes, and thereon alleges, that there is insurance coverage under the policy issued by Defendant for the Action as it would qualify as a covered claim.

13. Plaintiff is informed and believes, and thereon alleges, that the insurance provided by Defendant would cover Plaintiff's defense and indemnity.

14. After receiving a demand letter dated April 13, 2021, from John Doe BD's attorneys, Plaintiff's attorneys tendered their defense and indemnity relating to the Action to Defendant in a letter dated May 3, 2021.

15. Plaintiff never received any response from Defendant.

16. On December 22, 2021, Plaintiff sent a second letter to Defendant again tendering its defense and indemnity relating to the Action.

17. Plaintiff never received any response to this letter either.

18. Therefore, the present action became necessary.

19. After initiating the present action and during the course of discovery, Defendant represented to Plaintiff that it has been unable to identify or locate the alleged insurance policy at issue, but that investigation is ongoing. Based on these representations, and subject to further discovery, Plaintiff is informed and believes that the alleged general liability policy may have been lost or destroyed.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Breach of Contract Against Defendant)**

20. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 16, inclusive, of this Complaint and by this reference incorporates the same herein as though set forth in full.

21. There is a contract of insurance between Plaintiff and Defendant. The contract of insurance provides for defense and indemnity of Plaintiff by Defendant for the exact causes of action set forth in the Action.

22. Plaintiff has fully performed its obligations under this contract.

23. Plaintiff is informed and believes, and thereon alleges, that Defendant breached its obligations under the insurance policy, based on the claims in the Action as follows:

(a) By unreasonably delaying in making any determination under potentially-applicable coverages as to whether or not any defense is owed by Defendant for claims asserted in the Action;

(b) By failing to conduct a full and complete investigation into the facts and circumstances of the claims asserted against Plaintiff in the Action;

(c) By failing and refusing to defend Plaintiff against the claims asserted in the Action; and

(d) By failing and refusing to indemnify Plaintiff with respect to the claims asserted in the Action.

23. 24. Plaintiff is further informed and believes, and thereon alleges, that Defendant failed and refused to conduct a fair and impartial investigation into the facts and circumstances underlying the claims asserted against Plaintiff in the Action and has failed to provide a defense and indemnity for the claims in the Action. As a result of the breaches of contract by Defendant as set forth above, Plaintiff was required to retain counsel and defend itself against the claims asserted in the Action against Plaintiff. Thus, Plaintiff has been damaged, injured, and prejudiced.

24. 25. As a result of the failure and refusal of Defendant to conduct a full, fair, and impartial investigation or provide a defense and indemnity, Defendant is estopped from relying upon any subsequently-discovered information to support its rejection of Plaintiff's tender pertaining to the Action.

25. 26. As a result of Defendant's failure and refusal to conduct a full, fair, and impartial investigation, Defendant has waived any obligation on Plaintiff's part to cooperate with Defendant in defense of the Action.

26. 27. As a direct and proximate result of the breach by Defendant of their obligations under the insurance policy, Plaintiff has been damaged as follows:

   (a) Plaintiff has been required to retain attorneys to defend itself against claims asserted in the Action in an amount to be proved at the time of trial; and

   (b) General damages in an amount to be proved at the time of trial.

28. Plaintiff is informed and believes, and thereon alleges, that the denial of benefits, as alleged in this Complaint, was vexatious and without reasonable cause. Pursuant to California Insurance Code section 1619, Plaintiff is, therefore, entitled to reasonable attorneys' fees incurred in prosecuting its action against Defendant in an amount to be proved at the time of trial.

~~1.~~29. Alternatively, if the insurance policy was lost or destroyed by Defendant, Plaintiff has established and/or will establish coverage and Defendant's duty to defend and indemnify Plaintiff through secondary evidence as permitted by *Dart Industries, Inc. v. Commercial Union Ins. Co.*, 28 Cal. 4th 1059 (2002). Plaintiff has conducted a diligent but unsuccessful search for the lost policies.  Despite being unable to locate a copy of the policy at this time, Plaintiff is able to identify the material terms of the insurance policy essential to the particular coverage that Plaintiff claims, including but not limited to through Board of Trustees meeting minutes which provide a description of coverage.  The terms of the alleged insurance contract at issue may additionally be identified or supported by reference to specimen policies sold during the period in which the alleged policy was sold.

## SECOND CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing Against Defendant)**

~~27.~~30. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19~~6~~ and 21~~18~~ through 25~~29~~, inclusive, of this Complaint and by this reference incorporates the same herein as though set forth in full.

~~2.~~31.  Plaintiff is informed and believes, and thereon alleges, that Defendant breached the implied covenant of good faith and fair dealing implicit in the insurance policy issued by Defendant to Plaintiff in the following respects:

(a) Defendant unreasonably and without proper cause failed and refused to conduct a full, fair, and impartial investigation into the facts which gave rise to the claims asserted in the Action; and

(b) Defendant unreasonably refused to pay for the defense of the Action.

3.32. Defendant's refusal to respond to Plaintiff's tender for benefits under the policy was without reasonable cause. Plaintiff is informed and believes, and thereon alleges, that Defendant knew a duty to defend was owed to Plaintiff yet refused to provide a defense. As a direct and proximate result of the unreasonable conduct of Defendant, Plaintiff has been required to retain attorneys to obtain benefits due to it under the policy at issue.

4.33. As a direct result of the tortious conduct of Defendant, Plaintiff was damaged and injured. Plaintiff is, therefore, entitled to recover reasonable attorneys' fees incurred by Plaintiff in obtaining insurance policy benefits in an amount to be proved at the time of trial.

5.34. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally engaged in a course of conduct which was intended to oppress Plaintiff and to dissuade Plaintiff, and its counsel, from seeking benefits due to Plaintiff under the insurance policy issued by Defendant.

### THIRD CAUSE OF ACTION
### (Injunctive Relief and Restitution under Business & Professions Code section 17200, *et seq.* Against Defendant)

6.35. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 6, 21 18 through 29 5, and 31 27 through 30 34, inclusive, of this Complaint and by this reference incorporates the same herein as though set forth in full.

7.36. Plaintiff is informed and believes, and thereon alleges, that Defendant has engaged in, and continues to engage in, unlawful, unfair, and/or fraudulent business practices, including, but not limited to, Defendant's claims practices alleged above.

1. ~~8.~~ 37.  Plaintiff is informed and believes, and thereon alleges, that Defendant's insured has been denied coverage and will continue to be denied coverage, due to Defendant's unlawful, unfair, and/or fraudulent claims practices.

2. ~~9.~~ 38.  Plaintiff is informed and believes, and thereon alleges, that there is no adequate remedy at law for Defendant's continuing violations.

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief Against Defendant)**

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 1~~9~~6, 21~~18~~ through 29~~25~~, ~~and~~ 31~~27~~ through 3~~4~~0, and 35~~2~~ through 3~~8~~4, inclusive, of this Complaint and by this reference incorporates the same herein as though set forth in full.

39.

~~10.~~  An actual controversy exists in that Plaintiff contends it has coverage under the insurance policy issued by Defendant for the claims alleged in the Action, and correspondingly that Defendant has an obligation to defend and indemnify Plaintiff against those claims; whereas, Plaintiff is informed and believes, and thereon alleges, that Defendant contends there is no coverage under the insurance policy at issue and that it has no obligation to defend or indemnify Plaintiff against those claims.

~~///~~

40.  ~~///~~

41.  Plaintiff has no adequate remedy at law to resolve the controversy regarding coverage under the insurance policy issued by Defendant, and whether Defendant has an obligation to defend and indemnify Plaintiff.

**FIFTH CAUSE OF ACTION**

**(Declaratory Relief – Lost or Destroyed Policy Against Defendant)**

42.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19, 21 through 29, 31 through 34, 35 through 38, and 40 through 41,

1. inclusive, of this Complaint and by this reference incorporates the same herein as though set forth in full.

43. An actual controversy exists in that Plaintiff contends it has coverage under the insurance policy issued by Defendant for the claims alleged in the Action, and correspondingly that Defendant has an obligation to defend and indemnify Plaintiff against those claims; whereas, Plaintiff is informed and believes, and thereon alleges, that Defendant contends there is no coverage, that Defendant has either lost or destroyed the insurance policy, and that it has no obligation to defend or indemnify Plaintiff against those claims.

44. Plaintiff has no adequate remedy at law to resolve the controversy regarding the existence of the policy, the terms of the insurance policy, coverage under the insurance policy issued by Defendant, and whether Defendant has an obligation to defend and indemnify Plaintiff.

~~11.~~45. If the insurance policy was lost or destroyed by Defendant, Plaintiff seeks a declaration: that Plaintiff has conducted a diligent but unsuccessful search for the lost policies; that secondary evidence establishes the existence of the insurance policy; of the material terms of the insurance policy; and of the insurance policy's coverage and Defendant's duty to defend and indemnify Plaintiff as permitted by *Dart Industries, Inc. v. Commercial Union Ins. Co.*, 28 Cal. 4th 1059 (2002).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

A. For damages according to proof for breach of contract, including costs of defense incurred by Plaintiff in its defense of the claims in the Action;

B. For general and compensatory damages according to proof;

C. For attorneys' fees incurred in bringing this Action pursuant to California Insurance Code section 1619;

D. For attorneys' fees incurred in obtaining policy benefits, as provided by law;

1. E. For prejudgment interest in an amount to be proved at time of trial;

2. F. For punitive damages in an amount sufficient to deter and make an example of Defendant;

3. G. For a permanent injunction enjoining Defendant, its agents, successors, and employees, and those acting in concert with them, from engaging in each of the unlawful practices, policies, usages, and customs set forth herein;

4. H. For attorneys' fees as permitted by law; ~~in bringing the claim for injunctive relief as provided in Business & Professions Code section 17200, *et seq.*;~~

5. I. For an award of restitution on the Third Cause of Action to all persons who were injured as a result of Defendant's unlawful, unfair, and/or fraudulent business practices, policies, usages, and customs;

6. J. For a declaration that there is coverage under the insurance policy issued by Defendant for claims set forth in the Action, and that Defendant is obligated to defend and/or indemnify Plaintiff with respect to those claims;

In the event the insurance policy is determined to be lost or destroyed, for a declaration that the insurance policy existed at the time of the occurrence at issue in the Action, of the material terms of the insurance policy, and that Defendant is obligated to defend and/or indemnify Plaintiff with respect to those claims in the Action;

K. 

~~J.~~ For costs of suit; and

~~///~~

L. ~~///~~

~~K.~~ M. For such other and further relief as may be deemed just and proper.

Dated: July 18, 2023                    BUCHALTER
                                        A Professional Corporation

By: _____
KEVIN T. COLLINS
PHILLIP CHAN
ADAM P. SMITH
Attorneys for Plaintiff
GUIDED DISCOVERIES, INC.